UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

UNITED STATES OF AMERICA     CRIMINAL ACTION NO. 18-00195

VERSUS     JUDGE S. MAURICE HICKS, JR.

JOHANN GARY BARNES     MAGISTRATE JUDGE HORNSBY

**MEMORANDUM ORDER**

Before the Court is a Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A) filed by Defendant Johann Gary Barnes ("Barnes"). See Record Document 45. Barnes seeks compassionate release due to his current health problems and the COVID-19 pandemic. See id. The Government has opposed Barnes's motion on the ground that he did not exhaust his administrative remedies. See Record Document 48.

On November 15, 2018, Barnes pled guilty to one count of possession of a firearm by a convicted felon. See Record Documents 29 & 31. Barnes was sentenced on June 10, 2019 to 78 months imprisonment. See Record Documents 36-38. He is presently serving his sentence at Beaumont Medium FCI in Texas.

In his motion, Barnes seeks compassionate release due to current health problems and the COVID-19 pandemic. See Record Document 45. He maintains his health conditions – including type 2 diabetes, arterial vein malformation, epilepsy, reflux, high cholesterol, and a previous COVID-19 diagnosis – constitute extraordinary and compelling reasons for compassionate release. See id. at 3.

A judgment of conviction, including a sentence of imprisonment, "constitutes a final judgment and may not be modified by a district court except in limited circumstances." Dillon v. United States, 560 U.S. 817, 824, 130 S.Ct. 2683, 2690 (2010). Title 18, United

States Code, Section 3582(c) provides that the court "may not modify a term of imprisonment once it has been imposed," except in three circumstances:

(1) upon a motion by the Bureau of Prisons or the defendant for reduction of sentence under 18 U.S.C. § 3582(c)(1)(A);

(2) "to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure," 18 U.S.C. § 3582(c)(1)(B); or

(3) where the defendant was sentenced based on a retroactively lowered sentencing range, 18 U.S.C. § 3582(c)(2).

In this case, Barnes moves to modify his sentence under 18 U.S.C. §§ 3582(c)(1)(A). Under this section, the Court may reduce a sentence "if it finds that extraordinary and compelling reasons warrant such a reduction" and "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).

Prior to 2018 only the Director of the Bureau of Prisons ("BOP") could file Section 3582(c)(1)(A) motions, also known as compassionate release motions. In 2018, Congress passed and President Trump signed the First Step Act, which among other actions, amended the compassionate release process. Under the First Step Act, Section 3852(c)(1)(A) now allows prisoners to directly petition courts for compassionate release. However, before filing compassionate release motions, prisoners must exhaust their administrative remedies in one of two ways:

(1) prisoners may file a motion with the court after fully exhausting all administrative rights to appeal the BOP's decision not to file a motion for compassionate release, or

(2) prisoners may file a motion with the court after requesting release and there has been "the lapse of 30 days from the receipt of such request by the warden of the defendant's facility, whichever is earlier."

18 U.S.C. § 3852(c)(1)(A).  The administrative exhaustion provision of the First Step Act is set out in mandatory terms and has been characterized by the Fifth Circuit as a mandatory claim-processing rule.  See U.S. v. Franco, No. 20-60473, 2020 WL 5249369 at *2 (5th Cir. Sept. 3, 2020) ("The statute's language is mandatory.").  The provision permits a court the authority to reduce a defendant's sentence only "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal . . . or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility."  18 U.S.C. § 3582(c)(1)(A).  The statute sets forth no exceptions to this mandatory statutory exhaustion requirement.  Recently, the Fifth Circuit held in Franco that "those who seek a motion for compassionate release under the First Step Act must first file a request with the BOP."  Franco, 2020 WL 5249369 at *3.  Moreover, petitioners such as Barnes bear the burden of showing that he has exhausted his administrative remedies with the BOP before filing compassionate release motions.  See U.S. v. Van Sickle, No. CR18-0250JLR, 2020 WL 2219496, *3 (W.D. Wash. May 7, 2020).

> Here, Barnes asserts:
>
> Petitioner is a 50 year old man with a long list of health conditions and takes several different medications.  He exhausted his administrative remedy through an initial request to the Warden at FCC Beaumont Medium on ----------------.

Record Document 45 at 4.  There is a blank where a date should be listed as to when Barnes filed his request with the Warden.  In its opposition, the Government noted that BOP representatives have indicated that nothing has been submitted by Barnes administratively.  See Record Document 48 at 1.

As stated previously, Barnes bears the burden of showing that he has exhausted his administrative remedies within the BOP before filing a compassionate release motion. See Van Sickle, 2020 WL 2219496, *3.  He has not submitted any documentation to support his contention that he has exhausted within BOP.  While the Court is sympathetic to Barnes's health conditions and is acutely aware of the effects of the COVID-19 pandemic and the risk at all BOP facilities, Section 3852(c)(1)(A) does not provide this Court with the equitable authority to excuse Barnes's failure to exhaust his administrative remedies or to waive the 30-day waiting period.  See Franco, 2020 WL 5249369.  Barnes must first present his request to BOP and/or present this Court with documentation of such request.  At this time, the Court does not have authority to grant the relief Barnes seeks.

Accordingly, for the foregoing reasons,

**IT IS ORDERED** that Barnes's Motion for Compassionate Release (Record Document 45) be and is hereby **DENIED WITHOUT PREJUDICE**.  He has failed to exhaust his administrative remedies as required by the statute.  Barnes may re-file his motion once he has achieved one of the two avenues for exhaustion under Section 3582(c)(1)(A).

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 6th day of October, 2021.

_____
S. MAURICE HICKS, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT